**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **FREDERICK DICKERSON** ) | **CASE NO. 3:12CV1596** |
| ) | |
| Petitioner, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| Vs. ) | |
| ) | |
| **ED SHELDON, Warden,** ) | **MEMORANDUM OF OPINION** |
| ) | |
| Respondent. ) | |

## CHRISTOPHER A. BOYKO, J:

This matter comes before the Court on Petitioner Frederick Dickerson's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and denies Petitioner's Petition.

## FACTS

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

Petitioner was indicted by the Court of Common Pleas of Lucas County on two counts of Aggravated Murder with Firearm Specifications. Petitioner was tried by a three-judge panel. Petitioner was found guilty, and on November 7, 1985, Petitioner was sentenced to death in the electric chair on the two charges of Aggravated Murder, three years as to the Firearm Specifications, to be served consecutively to each other and consecutive to the sentences. Petitioner timely appealed his convictions and on February 12, 1988, the Court of Appeals affirmed the conviction. Petitioner appealed to the Supreme Court of Ohio. On September 6, 1989, the Supreme Court of Ohio affirmed the conviction and sentence of death. Petitioner appealed to the United States Supreme Court. On April 19, 1990, the Court denied Petitioner's Petition for Writ of *Certiorari*.

On November 21, 1990, Petitioner filed a Petition for Post-Conviction Relief. The State filed a Motion for Summary Judgment on June 21, 1991, and an oral hearing was conducted. The Motion for Summary Judgment was granted and the Petition for Post Conviction Relief was dismissed. Petitioner filed a Petition for Writ of Habeas Corpus, and on September 21, 2004, Petitioner's Petition was dismissed. Petitioner appealed to the Sixth Circuit Court of Appeals and the district court decision was reversed and remanded with instructions to issue the Writ of Habeas Corpus vacating Petitioner's death sentence, unless the State conducted a new penalty phase proceeding within 180 days of remand.

On remand, Petitioner was appointed a mitigation specialist and defense counsel. The mandated penalty phase was conducted in the Lucas County Court of Common Pleas on August 11 and 12, 2008, before a three-judge panel. The panel vacated the order of death previously imposed, and sentenced Petitioner to life in prison with the possibility of parole after 30 years for each count of Aggravated Murder, to be served consecutively to

each other and to the sentences previously imposed for the two Firearm Specifications.

Petitioner appealed the two life sentences. The Court of Appeals affirmed the conviction. Petitioner appealed to the Supreme Court of Ohio. The Supreme Court of Ohio denied Petitioner leave to appeal and dismissed the Appeal on November 30, 2011. On November 14, 2011, Petitioner filed an Application to Reopen the Appeal pursuant to OHIO APP. R. 26(B). The Court of Appeals denied the Application on January 24, 2012. Petitioner filed a Notice of Appeal in the Supreme Court of Ohio on February 18, 2012. On April 18, 2012, the Supreme Court of Ohio dismissed the Appeal.

Petitioner filed the instant Petition June 21, 2012, asserting five grounds for relief. On October 22, 2012, the case was referred to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued her Report and Recommendation on July 23, 2013, recommending that the Court deny the Petition for Writ of Habeas Corpus. On August 5, 2013, Petitioner filed Objection to the Magistrate's Report and Recommendation, objecting to only the recommendation regarding Ground Four:

> **GROUND FOUR:** The trial court erred as a matter of law in sentencing Petitioner pursuant to Senate Bill No. 2, as amended by Senate Bill No. 269.
>
> Supporting Facts:
> On August 14, 2008, Petitioner was sentenced improperly under Senate Bill No. 2 as opposed to the sentencing guidelines in the OHIO REVISED CODE prior to July 1, 1996.

As Petitioner has not objected to the recommendations regarding Grounds One, Two, Three and Five, the Court must assume that Petitioner is satisfied with the Magistrate Judge's recommendations. Any further review by this Court would be a duplicative and inefficient use of the Court's limited resources. *Thomas v. Arn*, 728 F.2d 813 (6th Cir.

3

1984), *aff'd*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Services,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981). Therefore, Grounds One, Two, Three and Five are denied. The Court will review Petitioner's objection to the recommendation to deny Ground Four.

## **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

**ANALYSIS**

In Ground Four, Petitioner asserts trial court error for failing to sentence him according to the pre-Senate Bill 2 sentencing guidelines. Respondent asserts that this ground is defaulted for failure to fairly present it at the first opportunity in his direct appeal of his re-sentencing. The Magistrate Judge determined that Ground Four is procedurally defaulted.

Procedural default is a threshold rule that a court generally considers before reviewing the applicable law and available remedies in a habeas petition. *Lovins v. Parker*, 712 F.3d 283, 294 (6th Cir.2013) (*See Lambrix v. Singletary*, 117 S.Ct. 1517, 1523 (1997) (noting that procedural default should "ordinarily" be considered before retroactivity)). The procedural default rule is related to the statutory requirement that a habeas petitioner must exhaust any available state-court remedies before bringing a federal petition. *Id.* (*See* 28 U.S.C. § 2254(b), (c)).

On November 14, 2011, Petitioner filed an Application to Reopen the Appeal pursuant to OHIO APP. R. 26(B), arguing that he was denied the effective assistance of appellate counsel who failed to raise on appeal that the trial court erred in sentencing Petitioner pursuant to Senate Bill 2. The Magistrate Judge determined that Petitioner has procedurally defaulted this claim because he never presented it as a claim independent of the ineffective assistance of appellate counsel claim. The Court agrees with the Magistrate Judge's conclusion.

The Magistrate Judge then reviewed whether the claim is actually defaulted or whether the default can be excused by conducting an analysis under the seminal Sixth Circuit case of *Maupin v. Smith*, 785 F. 2d 135 (6th Cir. 1986). First, the court must

5

determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. *Id.* (*citing Smith v. State of Ohio Department of Rehabilitation and Corrections*, 463 F.3d 426, 431 (6th Cir. 2006) (*citing Maupin*, 785 F.2d at 138)). Second, the court must decide whether the state courts actually enforced the state procedural sanction. *Id. (citing Smith*, 463 F.3d at 501-502). Third, the state procedural rule must be an "adequate and independent state ground to preclude habeas review." *Id.*

The Magistrate Judge found that Ground Four was not properly filed through the requisite levels of state appellate review to the state's highest court, and the avenue by which Petitioner may present his federal constitutional claims to the state's highest court is no longer open to him. The Court agrees that the first prong of the *Maupin* test has been met. Further, Ground Four could have been fully litigated on direct appeal. The appellate and Supreme Courts would have relied upon its own procedural rules to deny Petitioner leave to pursue this untimely filed, unexhausted issue on appeal. The Magistrate Judge concluded that the state court could rely on *res judicata* to foreclose review of Petitioner's claims. The Court agrees that the second and third prongs of the *Maupin* test have been met.

In all cases in which a state prisoner has defaulted his or her federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate "cause" for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Wogenstahl v. Mitchell*, 668 F.3d 307, 321 (6th Cir. 2012) *cert. denied*, 133 S.Ct. 311 (2012) (*citing*

*Coleman v. Thompson*, 111 S.Ct.2565 (1991)). The Magistrate Judge thoroughly reviewed the cause and prejudice standard, and the fundamental miscarriage of justice standard.

The "cause" for default standard in procedural-default cases requires the petitioner to show that "some objective factor external to the defense impeded counsel's efforts" to raise a claim in the state courts. *Id. (citing McCleskey v. Zant*, 111 S.Ct. 1454, 1469 (1991) (internal quotation marks omitted)). Petitioner has failed to present any evidence of an external impediment, such as government interference and the reasonable unavailability of the factual basis for the claim, which prevented him from raising his claims on direct appeal. The Court agrees with the Magistrate Judge that since the "cause and prejudice" test is stated in the conjunctive, there is no need to address whether Petitioner will be prejudiced by the Court's decision to decline habeas review.

The Magistrate Judge determined that Petitioner failed to meet the miscarriage of justice exception. Petitioner has failed to show that he is the victim of fundamentally unjust incarceration, or that constitutional errors resulted in the incarceration of an actually innocent person. Petitioner has not come forward with new, reliable evidence sufficient to cast doubt on the panel's verdict or meet the narrow exception reserved for and explicitly tied to actual innocence. The facts show that Petitioner entered a residence, shot a man and a child, was met by police as he exited the home, and was arrested with the gun in his pocket. The Court finds that there is no miscarriage of justice here to excuse Petitioner's default. Therefore, Ground Four is procedurally defaulted.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments. Therefore, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned

Report and Recommendation, and denies Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3).  Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Date:8/12/2013

s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge